IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) <br> ) |
| Plaintiff, | ) **CIVIL ACTION NO.** <br> ) |
| v. | ) <br> ) |
| **CHATEAU DEL MAR, INC.** | ) **COMPLAINT** <br> ) **JURY TRIAL DEMAND** |
| Defendant. | ) <br> ) |

FILED: SEPTEMBER 22, 2008
08CV5388
JUDGE CONLON
MAGISTRATE JUDGE COX
EDA

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of retaliation, and to provide appropriate relief to Joan Knable ("Knable"), Jill Raddatz ("Raddatz") and Karen Curry (Curry") who were adversely affected by such practices. Plaintiff, the United States Equal Employment Opportunity Commission ("EEOC" or "Commission"), alleges that Chateau Del Mar, Inc. ("CDM") retaliated against Charging Parties Knable, Raddatz and Curry for engaging in their statutorily protected rights to file charges of discrimination with EEOC and to file a private lawsuit in this Court under Title VII, by filing a state court action against them, in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

1

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Chateau Del Mar, Inc. has continuously been and is now doing business in the State of Illinois and the City of Hickory Hills and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Chateau Del Mar, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Knable, Raddatz and Curry filed charges with the Commission alleging violations of Title VII by CDM. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least 2007, Defendant CDM has engaged in unlawful employment practices, in violation of Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a). Such unlawful employment practices include, but are not limited to, retaliating against Knable, Raddatz and Curry by bringing a state court lawsuit against them, nine days after they filed their private Title

VII action in this Court.

8. The effect of the practices complained of in paragraph seven (7) above has been to deprive Knable, Raddatz and Curry of their right to engage in statutorily protected activities.

9. The unlawful employment practices complained of in paragraph seven (7) above were intentional.

10. The unlawful employment practices complained of in paragraph seven (7) above were done with malice or with reckless indifference to the federally protected rights of Knable, Raddatz and Curry.

**PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Chateau Del Mar, Inc. and its respective officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which retaliates against employees who engage in statutorily protected activities;

B. Order Defendant Chateau Del Mar, Inc. to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees, and which eradicate the effects of its past and present unlawful employment practices;

C. Order Defendant Chateau Del Mar, Inc. to make whole Knable, Raddatz and Curry for past and future pecuniary losses, including, but not limited to, their attorneys' fees that were incurred as a result of CDM bringing its state court action, with pre-judgment interest, resulting from the unlawful employment practices described above, in amounts to be determined at trial;

      D.      Order Defendant Chateau Del Mar, Inc. to make whole Knable, Raddatz and Curry by providing compensation for past and future non-pecuniary losses, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial;

      E.      Order Defendant Chateau Del Mar, Inc. to pay Knable, Raddatz and Curry punitive damages for its malicious and/or reckless conduct described above, in amounts to be determined at trial;

      F.      Grant such further relief as the Court deems necessary and proper in the public interest; and

      G.      Award the Commission its costs in this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,


RONALD S. COOPER
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel


EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
1801 "L" Street, N.W.
Washington, D.C.  20507


/s John C. Hendrickson
John C. Hendrickson
Regional Attorney


/s Diane I. Smason
Diane I. Smason
Supervisory Trial Attorney


/s June Wallace Calhoun
June Wallace Calhoun
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
500 West Madison Street
Suite 2000
Chicago, Illinois 60661
(312) 353-7259

5